UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GRANT JOHNSON,

Defendant.

Criminal No. 13-225-02 (CKK)

# MEMORANDUM OPINION
(December 10, 2013)

During the December 3, 2013 Status Hearing in this matter, the Government orally moved to dismiss without prejudice the indictment as to Defendant Grant Johnson pursuant to Fed. R. Crim. P. 48(a). At this hearing, Defendant Grant Johnson requested the opportunity to submit briefing arguing that the dismissal of the indictment should be with prejudice. The Court granted Defendant's request and on December 5, 2013, Defendant submitted his [11] Memorandum of Law in Support of Dismissal with Prejudice ("Def.'s Mem."). The Government subsequently filed its [12] Memorandum of Law in Support of Oral Motion to Dismiss Indictment Without Prejudice ("Gov't's Mem.") on December 6, 2013. Upon consideration of the parties' submissions, case law, and applicable statutory authority, the Court shall GRANT the Government's Oral Motion to Dismiss the Indictment Without Prejudice for the reasons set out below. Accordingly, the indictment as to Defendant Grant Johnson is dismissed without prejudice.

## I. BACKGROUND

On August 6, 2013, a federal grand jury sitting in the District of Columbia returned an indictment charging Defendant and his co-defendant with Conspiracy to Distribute and Possess

With Intent to Distribute 28 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Section 846.  *See* Indictment, ECF No. [1].  On August 23, 2013, Defendant Grant Johnson was arrested pursuant to this indictment.  *See* Arrest Warrant, ECF No. [4].  At this time, Defendant Grant Johnson was being held without bond for a pending criminal case in the Superior Court of the District of Columbia, in which he had been charged by indictment with first degree murder while armed and related charges.  Defendant's initial appearance in this case occurred on August 23, 2013 before Magistrate Judge Alan Kay.  *See* Minute Order of Aug. 23, 2013.  Pursuant to the Government's oral motion that Defendant be held without bond pursuant to 18 U.S.C. §§ 3142(f)(1)(C), (D), (d)(1)(A)(iii), Magistrate Judge Kay ordered that Defendant be held without bond pending a detention hearing scheduled for August 28, 2013.  *Id.*  Following the August 28, 2013 detention hearing, Magistrate Judge Kay ordered that Defendant be held without bond pending trial.  *See* Detention Mem., ECF No. [7].

Beginning on August 28, 2013 and until December 3, 2013, this case has been addressed through a series of status hearings.  *See* Minute Order of Aug. 28, 2013; Minute Order of Sept. 18, 2013; Minute Order of Oct. 25, 2013; Minute Order Nov. 15, 2013; Minute Order of Dec. 3, 2013.  The parties have repeatedly jointly requested continuances of this matter in order to permit them an opportunity to review discovery and pursue plea negotiations.  *Id.*  In order to allow for these actions, Defendant has repeatedly agreed to toll the time under the Speedy Trial Act between status hearings.  *Id.*  No trial date has yet been set in this matter, and no motions, other than the oral motion to dismiss the indictment addressed in this order, are currently pending.

At the November 15, 2013 Status Hearing, the parties informed the Court that Defendant Grant Johnson had recently been convicted of first degree murder while armed following his trial

in the Superior Court of the District of Columbia. Subsequently, at the December 3, 2013 Status Hearing in this matter, the Government orally moved to dismiss the indictment without prejudice as to Defendant Grant Johnson. *See* Minute Order of Dec. 3, 2013. The Government stated that it had chosen to dismiss the indictment in light of Defendant's recent homicide conviction, for which he faces a mandatory minimum sentence of 30 years, and a maximum sentence of life in prison. *Id.* After the Court inquired why the indictment should not be dismissed with prejudice, the Government stated that because it understood that Defendant intended to appeal his conviction, the possibility remained that it could be overturned or vacated on appeal. *Id.* By dismissing the indictment without prejudice, the Government wished to preserve its ability to revive this case should Defendant's murder conviction be overturned or vacated on appeal within the statute of limitations for the present charges. *Id.*

At this hearing, Defendant requested an opportunity to submit briefing arguing that the indictment should be dismissed with prejudice. *Id.* Accordingly, the Court took the Government's oral motion under advisement, and provided Defendant and the Government an opportunity to submit briefing as to whether the dismissal should be with or without prejudice. *Id.* Subsequently, Defendant filed its [11] Memorandum of Law in Support of Dismissal With Prejudice, and the Government filed its [12] Memorandum of Law in Support of Oral Motion to Dismiss Indictment Without Prejudice.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." Fed. R. Crim. P. 48(a). Yet, although Rule 48(a) requires "leave of court" for a dismissal, "a court is still not free to

substitute its judgment for that of the prosecutor, whose decision is deemed valid . . . ." *United States v. Poindexter*, 719 F.Supp. 6, 10 (D.D.C. 1989). Rather, "the Rule has the effect of granting authority to the court *in exceptional cases* to reject a dismissal without prejudice—which would allow reprosecution—if this would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *Id.* (emphasis added). *See also United States v. Sparks*, 885 F.Supp.2d 92, 104 (D.D.C. 2012) (reiterating this standard). "Accordingly, although there remains a strong presumption in favor of a no-prejudice dismissal, the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Poindexter*, 719 F.Supp. at 10. "[T]he primary concern of courts which have rejected dismissals without prejudice was that of protecting a defendant from harassment, . . . and '*commencing another prosecution at a different time or place deemed more favorable to the prosecution.*'" *Id.* at 11 (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)) (emphasis in original).

### III. DISCUSSION

In arguing that the indictment should be dismissed without prejudice, Defendant sets out various allegations that this prosecution was brought in bad faith. *See* Def.'s Mem. at 4, 5-6. Defendant's filing alleges, for the very first time, that his prosecution in this Court represents a conspiracy between the local and federal prosecutors under which the current claims were brought to ensure the confinement of Defendant pending the outcome of his murder trial and to ensure the cooperation of his co-defendant in the murder trial. *Id.* Yet Defendant offers no evidence to support this claim of bad faith, and his allegations are at this point completely unsubstantiated. As further support for his claim, Defendant argues that the case against him is particularly weak. *Id.* at 4-5. However, at this point, the Court is in no position to assess the

sufficiency of the evidence against Defendant. It can merely note that a grand jury has determined that an indictment against him should issue.

Moreover, in "looking to the purpose sought to be achieved by the government and its effect on the accused" by dismissing this indictment without prejudice, the Court finds little risk of "harassment" or "commencing another prosecution at a different time or place deemed more favorable to the prosecution." *Poindexter*, 719 F.Supp. at 11 (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)). The Government has articulated a plausible and reasonable justification for requesting that the indictment be dismissed without prejudice. *See* Gov't's Mem. at 3-4 ("Thus, with the defendant facing a mandatory minimum sentence of 30 years, and should that conviction be upheld on appeal, it would be prudent for this case to remain dismissed."). The Court understands the Government to be saying that prosecuting Defendant for the drug crimes at issue represents an inefficient use of the Government's resources, given that he is facing a mandatory minimum sentence of 30 years (and a maximum sentence of life in prison) on his District of Columbia murder charge. Accordingly, the Government has chosen, in an exercise of prosecutorial discretion, to dismiss the indictment. However, if Defendant's conviction is overturned on appeal within the statute of limitations, the Government wishes to preserve the option to revive this prosecution. The Court views this as a reasonable rationale for seeking a dismissal without prejudice, founded in concerns over resource constraints and efficiency rather than in a desire to harass Defendant or obtain a more favorable forum or jury. At this point, there is simply no evidence to support a claim of bad faith on the part of the Government beyond the allegations contained in Defendant's filing, which, as discussed, have no factual basis.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court GRANTS the Government's Oral Motion to Dismiss the Indictment Without Prejudice. The indictment against Defendant Grant Johnson is dismissed without prejudice. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge